UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEPHEN F. HALL, ) | |
| ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | Civil Action No.  18-cv-7467 |
| v. ) | |
| ) | |
| ) | |
| MIRAMED REVENUE GROUP, LLC ) | |
| ) | |
| ) | |
| DEFENDANT(S). ) | **Jury Demanded** |

## COMPLAINT

Plaintiff, Stephen F. Hall, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA and ICFA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 as Plaintiffs' claims arise, in part, under FDCPA, 15 U.S.C. § 1692. The Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

2. Venue is proper in this District because Plaintiff resides in this District, parts of the acts and transactions occurred here, and Defendant is based in Illinois and transacts substantial business here.

## STANDING

3. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

1

4. Plaintiff suffered a personal, concrete, and particularized injury, as outlined in more detail below, for Defendant's false, unfair and unconscionable attempt to collect a debt by attempting to collect an amount that was not due, for reporting an account that was not due and owing to the consumer reporting agencies, and for failing to report the account as "disputed" resulting in increased costs of credit, emotional distress, aggravation, annoyance, inconvenience and loss of time.

5. Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## PARTIES

6. Plaintiff, Stephen F. Hall (hereinafter "Plaintiff"), is a resident of the State of Illinois, residing in the Northern District of Illinois, from whom Defendant attempted to collect an allegedly delinquent consumer debt purportedly owed to Lifewatch Services, Inc. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

7. Defendant, MiraMed Revenue Group, LLC (hereinafter "MiraMed" or "Defendant") is an Illinois limited liability company with its principal place of business at 360 e. 22ND Street, Lombard, IL 60148. It does or transacts business in Illinois. Its registered agent is CT

Corporation System, who can be found at 208 S. LaSalle Street, Suite 814, Chicago, IL 60604. It is currently in good standing with the Illinois Secretary of State.

8. MiraMed is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others, including debts in the Northern District of Illinois. In fact, MiraMed was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

9. Defendant MiraMed is licensed by the Illinois Department of Financial and Professional Regulation as a licensed collection agency in Illinois.

10. MiraMed acts as a debt collector as defined by § 1692a(6) of the FDCPA because it uses the instrumentalities of interstate commerce including the telephone and/or the mails in its business, the principal purpose of which is the collection of defaulted consumer debts.

11. MiraMed also acts as a debt collector as defined by § 1692a(6) of the FDCPA as it regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

12. In September of 2016, Plaintiff purportedly incurred a debt for personal and household purposes, namely, medical services, with LifeWatch Services, Inc. ("alleged debt"). The alleged debt is thus a "debt" as that term is defined by § 1692a(5) of the FDCPA.

13. Due to an account servicing discrepancy between the Plaintiff's primary care physician, his insurer, and the third-party service provider, LifeWatch Services, Inc., Plaintiff disputed the alleged debt, refused to pay it, and it purportedly went into default. Plaintiff received a billing invoice dated November 16, 2016 for services rendered by LifeWatch Services, Inc.

14. Plaintiff immediately contacted LifeWatch Services, Inc. to notify its agents and employees that he disputed the debt. In fact, presently and at all times relevant to this instant matter, Plaintiff has disputed the validity of the alleged debt and maintains that he does not owe it.

15. Upon information and belief, LifeWatch Services, Inc. employees and or agents entered Plaintiff's dispute into its account notes.

16. On Thanksgiving Day 2016, since Plaintiff had not agreed to pay the LifeWatch Services, Inc. account, even though it was actively in dispute, Plaintiff began receiving phone calls from Defendant MiraMed about his unpaid account with LifeWatch Services, Inc.

17. Upon information and belief, when LifeWatch Services Inc. hired or assigned the account for collection to Defendant MiraMed, LifeWatch Services Inc. transferred the fact of the dispute in its notes to Defendant MiraMed.

18. Plaintiff told the representatives or agents of MiraMed that he had disputed the debt and that he did not owe it. The representative told Plaintiff that the account notes reflected the fact of Plaintiff's prior disputes.

19. Despite Plaintiff's dispute and request for validation of the debt, Plaintiff never received any such validation from Defendant.

20. Over a period of many months, the Plaintiff spoke with Defendant's representatives about the alleged account. In each such conversation, the Plaintiff reiterated that he steadfastly disputed the debt and would not be paying it.

21. Plaintiff never received any written communications from Defendant MiraMed regarding the account it was purportedly attempting to collect upon, including any written communications outlining the Plaintiff's rights under 15 U.S.C. 1692(g).

22. Despite Plaintiff's plethora of oral disputes, in or around July 13, 2017, MiraMed began reporting the account to the credit reporting bureaus without indicating that the account had been disputed—a fact that the Plaintiff did not discover until March 2018 when he reviewed his credit report in anticipation of applying for a line-of-credit for his business. Plaintiff declined to proceed with his application as a result of the derogatory mark.

23. On March 20, 2018, Plaintiff received another telephone call from a MiraMed employee seeking to collect the alleged debt. Plaintiff reiterated his dispute of the purported debt obligation to which Defendant's employee retorted that Plaintiff's dispute was not "valid."

24. On or about March 22, 2018, the Plaintiff received a letter from MiraMed explaining that it had reviewed Plaintiff's account, and was electing to close their file, further committing to having the derogatory account removed from Plaintiff's credit reports.

25. The March 22, 2018 letter represented the first correspondence that the Plaintiff received from MiraMed.

26. Plaintiff had been in communication via telephone with MiraMed representatives for more than one (1) year about the alleged delinquent account owed to LifeWatch Services, Inc., and in every such communication, Plaintiff made it clear that he disputed the purported debt.

27. All of the telephone calls that Defendant made to Plaintiff were communications in connection with the collection of a debt, since the telephone calls were made in order to attempt to have Plaintiff pay the alleged debt or otherwise enter in an agreed plan regarding Plaintiff's purported delinquent account.

28. The telephone conversations Defendant representatives had with Plaintiff each conveyed information regarding the account directly to the Plaintiff including the account number, the amount allegedly owed, and name of the purported creditor.

29. Thus, the telephone calls were communications as that term is defined at § 1692a(2) of the FDCPA.

30. Despite the fact that Defendant MiraMed knew or should have known that the account was disputed, it communicated credit information to the TransUnion consumer reporting agency regarding the debt, upon information and belief, from July 13, 2017 up to and including March 2018.

31. MiraMed communicated to the consumer credit reporting agencies, *inter alia*, an account balance, an account number, and a date reported.

32. MiraMed failed to communicate the alleged debt as disputed.

33. 15 U.S.C. § 1692e of the FDCPA provides as follows:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . . (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed . . .**

34. On or before July 13, 2017, MiraMed knew or should have known that Plaintiff had disputed the alleged debt because Plaintiff had previously disputed it with the original creditor, who, on information and belief, gave that information to MiraMed.

35. On or before July 13, 2017, MiraMed knew or should have known that Plaintiff had disputed the alleged debt because Plaintiff had also specifically told several agents and or employees of MiraMed over the phone that he had disputed the debt and did not owe it, when he was called by MiraMed.

36. Even though MiraMed knew or should have known, prior to July 13, 2017 and up to and including March 2018, that Plaintiff disputed owing the alleged debt, MiraMed failed to thereafter communicate the fact of Plaintiff's dispute to the TransUnion consumer reporting agency when it communicated information regarding the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(8).

37. MiraMed violated 15 U.S.C. §§ 1692e and 1692e(8) when it reported a balance of $700.00 on the LifeWatch Services, Inc. account even though Plaintiff did not owe it.

38. MiraMed also violated 15 U.S.C. §1692e when it informed Plaintiff that his dispute "was not valid" when attempting to collect the purported debt from him in order to pressure him into paying on the account. A dispute need not be demonstrated as "valid" for protection to apply. *See Hoffman v. Partners in Collections, Inc.*, 1993 WL 358158 (N.D. Ill. Sept. 14, 1993).

39. In March, 2018, Plaintiff reviewed his credit reports in anticipation for applying for a line of credit for his business. As the application process would require a credit check of Plaintiff to determine eligibility, including the amount of interest, if any he would qualify for, he declined to proceed at that time as a result of the Defendant's derogatory credit mark.

40. Thus, Plaintiff's attempt to procure favorable financing ultimately suffered a considerable delay as a result of an outstanding collection account being reported on Plaintiff's credit report, namely, the alleged undisputed debt being reported by MiraMed.

41. 15 U.S.C. §1692f of the FDCPA provides as follows:

**Unfair practices**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . . (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is**

7

**expressly authorized by the agreement creating the debt or permitted by law . . .**

42. Plaintiff did not owe the alleged debt of $700.00 because he had not contracted with the service provider directly.

43. Defendant knew or should have known this information prior to reporting the account to the consumer credit reporting agency in the month of July 2017 until March 2018 because Plaintiff had directly informed MiraMed of it.

44. MiraMed violated §§ 1692f and 1692f(1) by attempting to collect an amount that was not owed, because it used phone calls and credit reporting to attempt to force the Plaintiff to pay an the purported debt of $700.00 that he did not owe and in fact, actively disputed.

45. Plaintiff suffered significant damages due to MiraMed's wrongful conduct, including, but not limited to, increased costs of credit because of the false amount and undisputed status being reported, emotional distress, aggravation, annoyance, inconvenience and loss of time.

46. Credit reporting by a debt collector constitutes an attempt to collect a debt. *See e.g., Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed in part to wrench compliance with payment terms from its [account]holder"); *see also Middleton v. Plus Four, Inc.*, 2014 WL 910351 (D. Nev. Mar. 7, 2014) (failed to disclose the disputed status to CRA's); *Grady v. Ocwen Loan Servicing, LLC*, 2012 WL 929928 (N.D. Ill. Mar. 19, 2012).

## COUNT I- FAIR DEBT COLLECTION PRACTICES ACT

47. Plaintiff re-alleges the paragraphs above as if set forth fully in this count.

48. Even though MiraMed knew or should have known, prior to July 2017 and up to and including March 2018, that Plaintiff disputed owing the alleged debt, MiraMed failed to thereafter communicate the fact of Plaintiff's dispute to the TransUnion consumer reporting

agency when it communicated other credit information regarding the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(8).

49. MiraMed violated 15 U.S.C. §§ 1692e and 1692e(8) when it reported a balance of $700.00 on the LifeWatch Services Inc., account even though Plaintiff did not owe it, or alternatively, the amount was inaccurate.

50. MiraMed violated 15 U.S.C. §1692e when it informed Plaintiff that his dispute "was not valid" when attempting to collect the purported debt from him in order to pressure him into paying on the account. A dispute need not be demonstrated as "valid" for protection to apply. *See Hoffman v. Partners in Collections, Inc.*, 1993 WL 358158 (N.D. Ill. Sept. 14, 1993).

51. MiraMed violated §§ 1692f and 1692f(1) by attempting to collect an amount that was not owed, because it used phone calls and credit reporting to attempt to force Plaintiff into paying on the alleged debt of $700.00 that he did not owe and in fact actively disputed.

52. Defendant's violations of §§ 1692e, 1692e(8), 1692f, and 1692f(1) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

53. Plaintiff is only seeking damages under the FDCPA for violations that occurred within one year of the date of the filing of this complaint.

WHEREFORE, Plaintiff respectfully asks this Court enter judgment in Plaintiff's favor and against Defendant MiraMed Revenue Group, LLC as follows:

    A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
    B. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);
    C. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and;
    D. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By:    /s/ *Robert J. Tomei Jr.*
One of Plaintiff's Attorneys

Robert J. Tomei Jr.
IL Bar No.: 6310339
JTLG, LLC
223 N IL. Rt. 21, Ste. 14
Gurnee, IL 60031
Ph: (847) 596-7494
Fx: (847) 589-2263
Rob@LawJTLG.com

## DOCUMENT PRESERVATION DEMAND

     Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

s/ *Robert J. Tomei Jr.*
One of Plaintiff's Attorneys

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

By:    s/ *Robert J. Tomei Jr.*

10